UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

J.S.,

      **Plaintiff,**

v.                                **Case No: 6:26-cv-0798-PGB-DCI**

**BEECH-NUT NUTRITION
COMPANY, GERBER
PRODUCTS COMPANY, HAIN
CELESTIAL GROUP, INC. and
WALMART, INC.,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, Plaintiff J.S.'s ("**Plaintiff**") Complaint (Doc. 1 (the "**Complaint**")) is dismissed without prejudice as a shotgun pleading.

### I.    BACKGROUND

On April 10, 2026, Plaintiff initiated this suit by filing the Complaint against Defendants Beech-Nut Nutrition Company ("**Beech-Nut**"); Gerber Products Company ("**Gerber**"); Hain Celestial Group, Inc. ("**Hain**"); and Walmart, Inc. ("**Walmart**") (collectively, the "**Defendants**"). (*See id.*). Plaintiff is a ten-year-old child and filed the Complaint through Plaintiff's parent and natural guardian. (*Id.* ¶ 5). Therein, Plaintiff asserts that Defendants, as "manufacturers and retailers of baby foods, *knowingly* sold baby food products contaminated with dangerous levels of lead and arsenic" without warning consumers of such contamination,

ultimately causing Plaintiff harm. (*Id.* ¶¶ 1, 5). As a result, Plaintiff brings causes of action against Defendants for strict products liability based upon a failure to warn theory (Count I), manufacturing defect theory (Count II), and design defect theory (Count III). (*Id.* ¶¶ 118–60). Plaintiff also brings causes of action against Defendants for negligent failure to warn (Count IV), negligent manufacturing (Count V), negligent product design (Count VI), and general negligence (Count VII). (*Id.* ¶¶ 161–210).

## II.   STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[1] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all

---

[1]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III. DISCUSSION

Put simply, Plaintiff's Complaint falls within the first category of shotgun pleadings identified by *Weiland*. *See id.* at 1321–23. The first paragraphs of Counts I, II, III, IV, V, VI, and VII each incorporate all preceding paragraphs. (Doc. 1, ¶¶ 118, 136, 147, 161, 177, 188, 203). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and reallege such claims. Consequently, the Court *sua sponte* dismisses

Plaintiff's Complaint as a shotgun pleading with repleader necessary to cure these defects.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2.    On or before **April 29, 2026**, Plaintiff may file an amended complaint consistent with the directives of this Order. Failure to timely file an amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 15, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4